1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE LEWIS, | Case No. 1:17-cv-00449-DAD-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| R.J. RACKLEY, | (ECF No. 12) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.

### BACKGROUND

On March 6, 2012, Petitioner was convicted by a jury in the Kern County Superior Court of second-degree murder and gross vehicular manslaughter while intoxicated. On April 4, 2012, Petitioner was sentenced to an imprisonment term of fifteen years to life. (LD[1] 1). On January 24, 2014, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). On April 9, 2014, the California Supreme Court denied the petition for review. (LDs 3, 4). Thereafter, Petitioner filed seven state habeas petitions. (LDs 5, 7, 9, 11, 13, 15, 17).

///

---

[1] "LD" refers to the documents lodged by Respondent on June 30, 2017. (ECF No. 13).

On March 11, 2017,[2] Petitioner constructively filed the instant federal petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On March 29, 2017, the petition was transferred to the Fresno Division. (ECF No. 3). On June 29, 2017, Respondent filed a motion to dismiss the petition as untimely. (ECF No. 12). On August 30, 2017, Petitioner filed an opposition and a motion to be excused for cause. (ECF No. 19). Respondent has made submissions in reply to the opposition and responding to the motion to be excused for cause. (ECF Nos. 18, 24). Finally, Petitioner has filed a reply in support of his motion to be excused for cause. (ECF No. 25).

## II.

## DISCUSSION

### A.  Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. AEDPA imposes various requirements on petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). Petitioner argues that AEDPA's timeliness provision, 28 U.S.C. § 2244(d)(1), which is the basis for Respondent's motion to dismiss, is not applicable because the first ground for relief of the petition challenges as facially unconstitutional California Penal Code section 189 and thus, is not a collateral attack on a state court judgment. As such, Petitioner asserts that the first ground for relief of the petition is governed by 28 U.S.C. § 2241 rather than § 2254, and therefore § 2244(d)(1)'s timeliness provision does not apply. (ECF No. 19 at 19–24).

The Ninth Circuit has held that § "2254 is properly understood as 'in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 12 at 2 n.1).

custody that are possible without a conviction.'" White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004) (quoting Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000)), overruled in part on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). Here, Petitioner is in custody pursuant to a judgment of a state court. Accordingly, § 2244(d)(1) applies. Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004) ("The § 2244(d)(1) limitation period is not limited to petitions challenging the judgment of a state court. It applies to all petitions filed by a 'person in custody pursuant to the judgment of a State court.'").

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, the judgment became final on July 8, 2014, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, July 9, 2014, and

1    absent tolling, was set to expire on July 8, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246

2    (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

3        **B. Statutory Tolling**

4        The "time during which a properly filed application for State post-conviction or other

5    collateral review with respect to the pertinent judgment or claim is pending shall not be counted

6    toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

7        1. <u>First Five State Habeas Petitions</u>

8        On May 27, 2015, Petitioner filed a state petition for writ of habeas corpus in the Kern

9    County Superior Court, which denied the petition on August 10, 2015. (LDs 5, 6). On September

10   21, 2015, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth

11   Appellate District, which denied the petition on November 10, 2015. (LDs 7, 8). Meanwhile, on

12   October 14, 2015, Petitioner filed another state habeas petition in the Kern County Superior

13   Court, which denied the petition on January 5, 2016. (LDs 9, 10). On December 7, 2015,

14   Petitioner filed another state habeas petition in the California Court of Appeal that was later

15   amended on January 27, 2016. (LD 11–12). The petition was denied on February 9, 2016. (LD

16   12). Thereafter, on February 26, 2016, Petitioner filed a state habeas in the California Supreme

17   Court, which summarily denied the petition on June 8, 2016. (LDs 13, 14). Respondent does not

18   argue that these five state habeas petitions were not properly filed. (ECF No. 12 at 4).

19   Accordingly, Petitioner is entitled to statutory tolling for the period these five habeas petitions

20   were pending and the intervals between these actions. See Evans v. Chavis, 546 U.S. 189, 193

21   (2006).

22       2. <u>Sixth State Habeas Petition</u>

23       After the California Supreme Court denied Petitioner's state habeas petition, Petitioner

24   filed another state habeas petition in the California Supreme Court on October 9, 2016. (LD 15).

25   The petition was denied on November 30, 2016. (LD 16). Respondent argues that the interval

26   between the June 8, 2016 denial and the filing of the new petition on October 9, 2016 should not

27   be tolled because interval tolling does not apply to successive petitions filed in the same court or

28   separate "rounds" of state habeas petitions. (ECF No. 12 at 5–6).

Although the period between a lower court denial and the filing of a new petition in a higher court is tolled, the Ninth Circuit "employ[s] a general two-part test [King test] to determine whether the period between petitions filed in the same court are tolled." Stancle v. Clay, 692 F.3d 948, 953 (9th Cir. 2012) (citing Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010)).

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If not, these petitions constitute a "new round" and the gap between the rounds is not tolled. But if the petitioner simply attempted to correct the deficiencies, then the petitioner is still making proper use of state court procedures, and his application is still "pending" for tolling purposes. We thus construe the new petitions as part of the first "full round" of collateral review. We then ask whether they were ultimately denied on the merits or deemed untimely. In the former event, the time gap between the petitions is tolled; in the latter event it is not.

King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam) (some internal quotation marks and citations omitted).

With respect to the second prong of the King test, the Ninth Circuit has "engage[d] in an inquiry as to whether California courts would have deemed the petition" timely when the state court has "fail[ed] to explicitly decide whether a petition was untimely." Banjo, 614 F.3d at 970 (citing Chavis, 546 U.S. at 194, 197, 198; Carey v. Saffold, 536 U.S. 214, 225–26 (2002)). Here, the California Supreme Court summarily denied Petitioner's subsequent state habeas petition without comment and did not explicitly decide whether the petition was timely. (LD 16). Thus, the Court must determine whether the subsequent petition was timely under state law.

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely filed. Saffold, 536 U.S. at 222. As "California courts had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

In the instant case, 122 days elapsed between the date the California Supreme Court denied habeas relief (June 8, 2016) and Petitioner filed his subsequent habeas petition in the California Supreme Court (October 9, 2016). The Ninth Circuit has held that delays of 115, 101, and 81 days make a California state habeas petition untimely unless the petitioner can show good cause. Robinson, 795 F.3d at 930 (citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)). Petitioner has failed to provide an explanation for the delay.[3] Accordingly, the Court finds that Petitioner's subsequent petition to the California Supreme Court was untimely. As the second prong of the King test is not satisfied, the Court need not address the first prong. See Banjo, 614 F.3d at 970.

A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period," Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Chavis, 546 U.S. at 197). Based on the foregoing, Petitioner is not entitled to statutory tolling for the period before and during the California Supreme Court's consideration of Petitioner's sixth state habeas petition.

### 3. Seventh State Habeas Petition

On January 3, 2017, Petitioner filed his seventh state habeas petition. (LD 17). On February 15, 2017, the California Supreme Court denied the petition with citation to In re Robbins, 18 Cal. 4th 770, 780 (Cal. 1998), and In re Clark, 5 Cal. 4th 750, 767–69 (Cal. 1993). (LD 18). "California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, i.e., Clark and Robbins." Walker v. Martin, 562 U.S. 307, 310 (2011). Given that a habeas petition that is untimely under state law is not "properly filed," Pace, 544 U.S. at 413, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period," Curiel, 830 F.3d at 868.

---

[3] The Court notes that in the opposition, Petitioner generally argues actual innocence as defense to procedural hurdles. (ECF No. 19 at 11–13). The actual innocence exception to the statute of limitations is discussed in section II(D), *infra*.

1 Accordingly, Petitioner is not entitled to statutory tolling for the period before and during the

2 California Supreme Court's consideration of Petitioner's seventh state habeas petition.

3    4.  Conclusion

4    The Court finds that the instant federal petition was filed outside the one-year limitation

5 period when statutory tolling is applied. Three hundred twenty-two days elapsed between the

6 date Petitioner's state conviction became final (July 8, 2014) and the date Petitioner filed his first

7 state habeas petition in the Kern County Superior Court (May 27, 2015). AEDPA's one-year

8 clock stopped while Petitioner's first five state habeas petitions were pending (May 27, 2015–

9 June 8, 2016). As discussed above, the subsequent petitions filed in the California Supreme

10 Court were untimely and thus, not "properly filed." Accordingly, the 275-day period between the

11 denial of Petitioner's fifth state habeas petition (June 8, 2016) and the date the instant federal

12 habeas petition was filed (March 11, 2017) is not tolled. This adds up to 597 days, which exceeds

13 the one-year limitation period. Accordingly, the instant federal petition is untimely when

14 statutory tolling is applied.

15    **C.  Equitable Tolling**

16    The limitation period also is subject to equitable tolling if the petitioner demonstrates

17 "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

18 circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631,

19 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of alleging facts that

20 would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

21    Petitioner appears to argue that he is entitled to equitable tolling because he has

22 demonstrated ineffective assistance of counsel.[4] (ECF No. 25 at 3). Petitioner argues that

23 "[c]ounsel was deficient in stipulations regarding Petitioner's blood alcohol concentration and

24 not presenting evidence surrounding the truck driver's death post accident." (Id. at 3–4).

25 _____
[4] In his reply, Petitioner states that he "continues to claim 'extraordinary circumstances' demonstration required per
26 Martinez v. Ryan, 566 U.S. 1 (2012) and Trevino v. Thaler, 569 U.S. 413 (2013)[.]" (ECF No. 25 at 1). Martinez
and Trevino both concerned procedural default (i.e., the doctrine barring federal habeas review of a claim previously
27 denied on independent and adequate state procedural grounds) rather than timeliness under AEDPA, and thus are
irrelevant. See White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) (finding analysis used to decide procedural
28 default issues is inapplicable to AEDPA timeliness inquiry) (citing Zepeda v. Walker, 581 F.3d 1013, 1018 n.3 (9th
Cir. 2009)).

Petitioner does not demonstrate how counsel's alleged ineffective assistance *at trial* prevented timely filing of the instant federal habeas petition. Petitioner has not made a showing that he is entitled to equitable tolling.

### D. Actual Innocence Gateway

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). The Supreme Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, *in light of the new evidence*, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (second alteration in original) (emphasis added) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Petitioner asserts that his claim of actual innocence is based on the following "evidence" not presented to the jury: (1) that charges brought under an unconstitutionally vague statute cannot stand; (2) that the statute at issue was arbitrarily and/or discriminatorily applied; and (3) that Petitioner did not receive notice that he could be prosecuted for second degree murder for killing a person while driving under the influence. (ECF No. 1 at 10). These are legal arguments, not evidence. Accordingly, Petitioner cannot invoke the actual innocence gateway.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 14) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2017**

UNITED STATES MAGISTRATE JUDGE